UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANE DOE I                              :
                                        : CIVIL ACTION
V.                                      : NO: 3:01CV 278 (DJS)
                                        :
CITY OF HARTFORD, ET AL                 :  NOVEMBER 7, 2003

## MEMORANDUM IN OPPOSITION TO MOTION
## FOR SUMMARY JUDGMENT

## INTRODUCTION

The plaintiff, by and through her undersigned attorney, hereby files this

Memorandum in Opposition to Defendant's Motion for Summary Judgment.

## FACTS

Prior to being hired as a Hartford police officer, defendant, McCrorey was

accused of sexually assaulting a prostitute.   The allegation was disclosed as part of the

joint state and federal investigation of sexual misconduct of Hartford police officers

which resulted in the arrest and conviction of five Hartford police officers.  **See**

Deposition of Sergeant Richard Calderone p. 17-18, attached hereto as Exhibit C.   The

defendant, Daryel McCorery was first hired as a Hartford police officer in 1994.  **See**

McCrorey's Disciplinary Record Exhibit D.  Between 1994 until the date of the of the

subject incident on November 6, 2000, Officer McCrorey had been disciplined by the

Hartford police department twelve times.  **See** Barrows deposition p. 86 attached hereto

as Exhibit B and Officer McCrorey's disciplinary record attached hereto as Exhibit D.

**WESLEY S. SPEARS, ESQ.**
ATTORNEY AND COUNSELOR AT LAW
53 RUSS STREET • HARTFORD, CT 06106 • (860) 724-0505 • FAX (860) 249-1533 • JURIS NO. 305297

Officer McCrorey has been cited for variety of offenses while a Hartford police officer. **See** Exhibit D Officer McCrorey's Disciplinary Record, see also Barrows Deposition p. 81-87, attached hereto as Exhibit B.  In one case, Officer McCrorey was found to have violated the Hartford Police Department Code of Conduct as a result of his falsifying a police report regarding the loss of his loaner police radio.   Acting Chief Barrows testified that McCrorey only received ten days for falsifying a police report even though what he did constituted a crime.  **See** Barrows Deposition p. 21-22 attached hereto as Exhibit B.  Barrows indicated that rather then arresting police officers who violate the law the Hartford Police Department preferred to use the code of conduct to charge the officer.  **See** Barrows deposition p. 24-26 attached hereto as Exhibit B.

McCrorey could, and should, have been discharged for falsifying a police report. **See** Code of Conduct attached hereto as Exhibit E, p. 6 ¶ 2.10,  Barrows Deposition p. 33-34 attached hereto as Exhibit B.   Had Officer McCrorey been given progressive discipline, given his prior history, he should have been terminated by his twelfth disciplinary action. **See** Code of Conduct p. 6 ¶ 2.10  attached hereto as Exhibit E.  Had Officer McCrorey been arrested and convicted of even a misdemeanor for falsifying a police report regarding the loss of his police radio he would have been terminated.  **See** Code of Conduct p. 6 ¶ 2.10 attached hereto as Exhibit E.    There was no investigation into how the radio was found during a search of a drug dealer's home.  **See** Barrows deposition p. 45 attached hereto as Exhibit B.  During Acting Chief Barrow's deposition

2

when pressed about why Daryel McCrorey received only a written warning for an offense which occurred three weeks after his suspension and again several months later, Barrows testified that she forgot whether the Hartford police department used progressive discipline, therefore, could not state why progressive discipline was not used in McCrorey's case. **See** Barrows Deposition p. 80, attached hereto as Exhibit B.

Acting Chief Barrows testified that as soon as she left the department she left it behind and did not recall the regulations. **See** Barrows Deposition p. 24 attached hereto as Exhibit B. Chief Barrows testified it was Chief Croughwell's administration who negotiated McCrorey's suspension for the lost radio. **See** Barrows deposition p. 39-40 attached hereto as Exhibit B. Chief Barrows indicated that she agreed and issued the suspension to Officer McCrorey. **See** Barrows Deposition p. 42, attached hereto as Exhibit B. The final two disciplinary actions taken against Officer McCrorey, prior to this incident, were on September 22, 1999 and May 3, 2000, during the administration of Chief Rudewicz. Officer McCrorey was disciplined for the following violations of the code of conduct ¶ 5.08 Negligent failure to comply with lawful orders procedures or directives or regulations; oral or written and 5.14 performing assigned duties or other official work in a careless or negligent manner or in disregard of prescribed procedures or established practices. **See** McCorey's Disciplinary record attached hereto as Exhibit D. The maximum penalty for either offense is termination. **See** Code of Conduct attached hereto as Exhibit E Page 2 ¶ I and p. 12. Acting Chief Rudewicz was in charge

3

**WESLEY S. SPEARS, ESQ.**
ATTORNEY AND COUNSELOR AT LAW
53 RUSS STREET • HARTFORD, CT 06106 • (860) 724-0505 • FAX (860) 249-1533 • JURIS NO. 305297

of the department at the time of the sexual assault committed on the plaintiff by the

defendant and had supervisory responsibility for defendant McCrorey. **See** Exhibit F

Suspension Letter Issued by Rudewicz.

The November 6, 2000, rape occurred at plaintiff's home while McCrorey was in

full uniform and operating a marked cruiser. Officer McCrorey came to plaintiff's home

after she expressly told him she did not have time to speak to him. **See** plaintiff's

Affidavit ¶ 4-5 attached hereto as Exhibit A. Officer McCrorey knocked and literally

banged on plaintiff's door for ten minutes while plaintiff refused to let him. The

plaintiff did not know what Officer McCorey wanted to talk to her about. Plaintiff's

home fell into the area normally patrolled by Officer McCrorey. **See** McCrorey's

deposition p. 10-11 attached hereto as Exhibit G. McCrorey had responded to a

previous call at the plaintiff's home. **See** plaintiff's Affidavit ¶ 31 attached hereto as

Exhibit A. The plaintiff because of McCrorey's demeanor thought he might be on

official business. **See** plaintiff's Affidavit ¶¶ 7-11 attached hereto as Exhibit A.

McCrorey returned to plaintiff's home later that afternoon and offered the plaintiff

$200.00 if she did not report the incident. **See** plaintiff's Affidavit ¶¶ 26-27 attached

hereto as Exhibit A. McCrorey went on further to state that no one would believe her if

she reported him because he was a police officer. **See** plaintiff's Affidavit ¶¶ 29

attached hereto as Exhibit A.

4

The Hartford Police Department was investigated by a joint state and federal regarding officers forcing women to have sex with them while on duty.  The Task Force had members from the Hartford Police Department assigned to it.  Five Hartford police officers were convicted  as a result of the 1998-1999 investigation for sexual assault and related crimes.  **See** Affidavit of Jane Doe II ¶ 25 attached hereto as Exhibit I.  Although some of the women who were assaulted were prostitutes not all of them were prostitutes.  Officer McCrorey was also alleged to have sexually assaulted a prostitute before joining the Hartford Police Department.  The allegations against McCrorey were never investigated by the Hartford police department.  McCrorey was never even interviewed regarding the allegations.  **See** Calderone Deposition p. 16-17 attached hereto as Exhibit C.

Once the plaintiff opened her door McCrorey simply forced his way into the house pushed plaintiff onto her coach and then forcefully sexually assault her.  McCrorey throughout his deposition exerted his fifth amendment privilege as to certain questions.  **See** McCrorey Deposition p. 24-26 attached hereto as Exhibit G.  In addition, the other defendants refused to give meaningful answers to the questions in an attempt to subvert and conceal the truth.  **See** Defendant's Answers to Interrogatories attached hereto as Exhibit H.

Like Barrows, the other witnesses for the City of Hartford had carefully selective memories when they were deposed.   For instance, Officer McCrorey could not

5

remember any of the at least twelve disciplinary actions taken against him, except his suspension. **See** McCrorey Deposition attached hereto as Exhibit G p.17-18.

## ARGUMENT

Defendants' have attached to their Memorandum in Support of Defendants' Motion for Summary Judgment a number of self serving affidavits from the named defendant's and other officers. Self-serving affidavits can not alone establish that no genuine issue of material fact exists. In deciding a Summary Judgment Motion the court must view the facts in the light most favorable to the plaintiff. There are many facts which demonstrate that the plaintiff's civil rights have been violated by a pervasive and consistent pattern of Hartford police officers assaulting women. It is not contested that five Hartford police officers were convicted of sexual assault and/or related crimes in connection with a joint federal and state investigation which conduct from late 1998 into early 1999. Officer McCrorey was alleged to have sexually assaulted a prostitute before joining the force which was never investigated by the Hartford Police Department. **See** Sergeant Calderon deposition p. 16-17 attached hereto as Exhibit C.

In addition, the individual defendants failed to remedy the denial of plaintiff's civil rights after they became aware that civil rights violations had occurred, pertaining to officers sexually assaulting women while on duty. The Hartford Police Department did not conduct a follow up investigation of Officer McCrorey. This was a joint investigation between the Hartford Police Department, The FBI, The United States

6

**WESLEY S. SPEARS, ESQ.**
ATTORNEY AND COUNSELOR AT LAW
53 RUSS STREET • HARTFORD, CT 06106 • (860) 724-0505 • FAX (860) 249-1533 • JURIS NO. 305297

Attorney's Office and the State's Attorney's Office.  Therefore, the Hartford Police

Department had actual and/or constructive notice of the allegations against McCrorey

before the assault on the plaintiff and prior to the disclosure of the FBI 302 report to

Sergeant Calderon. The Federal Investigation demonstrated that the problem in the

Hartford Police Department was so pervasive that the Department was unable to police

itself and had to seek the help of an outside agencies to investigate itself.

The issue in this case in regards to supervisory officials, City of Hartford, Chief

Croughwell, Acting Chief Barrows and Acting Chief Rudewicz is whether there failure

to employ progressive discipline to weed out bad officers or to adequately supervise,

investigate and train its officers amounted to willful indifference or gross negligence

which resulted in plaintiff being sexually assaulted.  The supervisory officers were also

responsible for stopping civil rights violations once they became aware of them.

In addition, defendants' have attempted to shift the burden of proof in their

Motion to the plaintiff to demonstrate that genuine issues of material of fact exist, as

opposed to sustaining its burden of demonstrating that no genuine issue of material fact

exists.  Throughout defendants Memorandum they suggest plaintiff has not submitted

facts to support its claims.  In a Motion for Summary Judgment it is the defendant's

burden to demonstrate that there are no genuine issue of material fact, not visa versa.

## A.    STANDARD OF REVIEW

"Summary Judgment is appropriate if the record discloses 'that there is no

WESLEY S. SPEARS, ESQ.

ATTORNEY AND COUNSELOR AT LAW

53 RUSS STREET  •  HARTFORD, CT  06106  •  (860) 724-0505  •  FAX (860) 249-1533  •  JURIS NO. 305297

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (quoting Fed R. Civ. 56 (c)). "The pleadings, depositions, admissions and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains." Inferences from the facts are drawn most favorable to the non-movant. If the record as a whole could not lead rational trier of fact to find for the non-movant then there is no genuine issue for trial." Vera v. Tue, 73 F.3d 604 (5th Cir. 1996). This standard requires this court to:

> (1) resolve direct factual conflicts in favor of the nonmovant, (2) to assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn. Pumps and Power Co., v. Southern States Indus., 787 F.2d 1252, 1258 (8th Cir. 1986).

**B.     OFFICER MCCROREY WAS ACTING UNDER COLOR OF LAW
WHEN HE SEXUALLY ASSAULTED THE PLAINTIFF**

In Martinez v. Colon, 54 F.3d 980, 987 (1st Cir.), cert denied, 116 S. Ct 515 (1985) and Branisaied v. Clisham, 992 F. Supp. 128, 130 (D.Conn. 1998), it was held that the court must assess whether defendant was acting under color of authority in light of the totality of circumstances. In this case, it is not disputed that Officer McCrorey was on duty in full uniform operating a marked police cruiser. McCrorey contacted the

8

plaintiff and told her that he wanted to speak to her. Officer McCrorey after being told

by the plaintiff that she did not have time to talk to him still came to her house. He then

banged on her door for ten minutes before the plaintiff opened her door. **See** Affidavit

of the plaintiff ¶¶ 7-11 attached hereto as Exhibit A. The link between McCrorey's

actions and his official responsibilities is clear. Plaintiff was in McCrorey's normal

patrol area McCrorey arrived at plaintiff's house after being told she did not have time

to talk to her. McCrorey then banged on plaintiff's door for ten minutes. After refusing

admittance the plaintiff finally opened her door believing that an officer was there for

official business otherwise she would not have opened the door. **See** Plaintiff's affidavit

¶ 10 attached hereto as Exhibit A. McCrorey was using his position as an on duty

Hartford police officer to gain admittance to plaintiff's home.

 McCrorey then came back later in the day and offered plaintiff a $200 not to

report the incident. **See** plaintiff's Affidavit ¶¶ 26-27 attached hereto as Exhibit A.

McCrorey then try to intimidate plaintiff by telling her that she would not believed if she

reported him because he is a police officer. **See** plaintiff's Affidavit ¶ 29 attached hereto

as Exhibit A.  Clearly the plaintiff was coerced into opening the door for Officer

McCrorey, as a result of him arriving at the scene in full uniform driving a marked

cruiser demanding entry and banging on the plaintiff's door for ten minutes. Therefore,

under the totality of circumstances Officer McCrorey was acting under color of

authority.

9

In <u>Larsen by Larsen v. Miller</u>, 76 F.3d 1446 (8th Cir. 1996), the court ruled that a

school district, a local governmental entity, could be found liable under § 1983, to

parents of female handicapped student who had been abused by a van driver , for

governmental custom of failing to receive, investigate, and act upon complaints of

sexual misconduct of its employees. " Plaintiff's constitutional claims arise under 42

U.S.C. 1983, which requires plaintiffs to establish that the defendants are persons acting

"under color of state law," and that the defendants deprived plaintiffs of a right or

privilege secured by the constitution and the or the laws of the United States. <u>Parratt v.

Taylor</u>, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L. Ed. 2d 420 (1981). Further

section 1983 liability may not be premised on negligence, but requires an intentional act.

<u>Daniels v. Williams</u>, 474 U.S. 327, 328, 106 S.Ct. 1197, 1204, 103 L.Ed. 412 (1989)

(proof "deliberate indifference " need for tainting necessary to establish liability of

municipality under § 1983). Thus, a defendant violates a plaintiff's constitutional rights

within the meaning of section 1983 by directly participating in the infraction, by failing

to remedy a wrong while acting in a supervisory capacity, by creating a policy or custom

under which unconstitutional practices occurred, or by allowing such policy or custom

to continue. A supervisory official also may be personally liable "if he or she was

grossly negligent in managing subordinates who caused the unlawfully condition or

event." <u>Williams v. Smith</u>, 781 F.2d 319, 323-24 (2d Cir. 1986) (citations omitted). <u>Id.</u>

**WESLEY S. SPEARS, ESQ.**
ATTORNEY AND COUNSELOR AT LAW
53 RUSS STREET • HARTFORD, CT 06106 • (860) 724-0505 • FAX (860) 249-1533 • JURIS NO. 305297

at 1254.  As will discussed below all of the conditions under which municipal and

supervisory liability may exist under § 1983 are present in this case.

**C.    THE INDIVIDUAL DEFENDANT'S ARE NOT ENTITLED TO SUMMARY JUDGMENT**

While the plaintiff has not claimed that the any of the individual defendant's

sexually assaulted her, plaintiff does claim that after learning that civil rights violations

were occurring in the form of officers sexually assault females while on duty they failed

to remedy the same and the plaintiff was sexually assaulted in November of 2000, by

Officer McCrorey.

**D.    THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER PLAINTIFF CAN ESTABLISH A CLAIM OF LIABILITY AS TO THE CITY OF HARTFORD**

1.    **Unconstitutional Practice or Custom**

The plaintiff is claiming that the City of Hartford allowed a practice so

widespread to impute constructive knowledge to its policy makers.  Mettler v.

Whitledge, 165 F. 3d 1197, 1204 (8th Cir. 1999).  Five women who have been identified

by name as being sexually assaulted by on duty Hartford police officers over a long

period of time.

Complaints made by women in late 1998 resulted in a joint state and federal

investigation of the Hartford Police Department.  The investigation resulted in the arrest

and conviction of  five Hartford police officers for sexual assault and related crime.

11

WESLEY S. SPEARS, ESQ.

ATTORNEY AND COUNSELOR AT LAW

53 RUSS STREET • HARTFORD, CT 06106 • (860) 724-0505 • FAX (860) 249-1533 • JURIS NO. 305297

Defendant, McCrorey makes the six officer arrested and convicted of sexual assault while on duty within the last few years. Many other prostitutes made complaints of sexual exploitation during the federal investigation but their names have not been released due to grand jury secrecy. One women indicated that she was raped repeatedly from the period between 1994-1998, by eight to ten Hartford police officer. **See** Affidavit of Jane Doe II ¶ 25 attached hereto as Exhibit I.

Many other women were identified during the course of the Investigation as having been repeatedly raped by Hartford police officers but were unable to positively identified the officers that assaulted them. Yolanda Santiago, a women identified in the investigation and who is a plaintiff in another police misconduct case involving her sexual assault, led to the conviction of the fifth Hartford police officers Julio Comacho. **See** Affidavit of Yolanda Santiago ¶ 6 attached hereto as Exhibit J. In addition, Stacy Richards, a women whose complaint led to the federal investigation alleged that she had been sexually assault on at least two occasions. **See** Affidavit of Franco Sanzo ¶ 4-5 attached hereto as Exhibit K.

Jane Doe II reported that she was being sexually assaulted in 1994 by a Hartford police officer to a Hartford police sergeant who laughed her out of police headquarters and made fun of her in front of other police officers. See Exhibit I Affidavit of Jane Doe II ¶ 11-16 attached hereto .

12

## 2.    Failure to Supervise or Discipline and Negligent Hiring

The plaintiff has adequately plead a cause of action under 42 U.S.C. § 1983.

Monell v. Department of Social Services, 436 U.S. 658 (1978).  In Monell and its

progeny, the Supreme Court established that municipal liability under § 1983 may be

premised upon a municipal custom, policy or persistent practice, or upon deliberately

indifferent supervision that is the moving force behind the violation of the plaintiff's

federally protected rights.  See e.g., City of Canton v. Harris, 489 U.S. 378 (1989).  The

defendants have produce no affidavits or documentation refuting the plaintiff's

allegations relating lack of supervision, therefore the court must accept as true the

allegations in the complaint pertaining to lack of supervision.

McCrorey by his own testimony believed that the department incompetently

supervised him and that he never had to check in with his supervisor he was simply sent

out everyday after roll call to do his job as a patrol officer.  **See** McCrorey's Deposition

p. 10 Attached hereto as Exhibit G.  Clearly, there was a complete failure of discipline

defendant, McCrorey for his bad conduct. Progressive discipline was not used.  In one

case, McCrorey  intentionally committed a crime buy falsifying a police report regarding

the loss of his radio.  Instead of McCrorey being arrested he was simply given a ten day

suspension.  Even after the suspension he was disciplined twice more prior to the subject

incident.  However, each subsequent time he received a written reprimand, as opposed

to termination.  **See** Disciplinary record attached as Exhibit D.

13

**b.    Failure to Train**

Officer McCrorey was not ordered to submit to any retraining after being disciplined at least twelve times. **See** McCrorey deposition p. 17-18 attached hereto as Exhibit G.    The defendants have offered no contradictory affidavits or materials to support its argument that plaintiff can not maintain an action based on the City of Hartford, Chief Croughwell, Acting Chief Barrows, and Acting Chief Rudiewicz for failure to train its officers.    There is no indication of what training the defendant McCrorey received and therefore, the allegations of the Complaint must be taken as true. In this case it is obvious that gender sensitivity training would have been helpful in deterring the officers involved from committing sexual assaults against women   Officer McCrorey was found to have used abusive language in the past. **See** Disciplinary Record attached hereto as Exhibit D.    Acting Chief Barrows testified that she was unaware whether defendant McCrorey had ever received any remedial training as a result of the twelve disciplinary actions taken against him.    Defendant, Barrows did testify that she did not order any remedial training as a result of him falsifying a police report regarding the loss of his police radio. **See** Barrows deposition p. 21-26  attached hereto as Exhibit B.

There is a genuine issue of material fact whether the defendant's training or lack thereof, resulted in a deprivation of plaintiff's civil rights.  Clearly, there are genuine issues of material fact regarding whether the plaintiff can establish the elements of a

14

cause of action against the City of Hartford, Chief Croughwell and Acting Chief

Barrows and Acting Chief Rudewicz for failure to train the officers who committed the

sexual assaults while on duty.

D.    **WHETHER THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY PRESENT GENUINE ISSUES OF MATERIAL FACT**

The defendants' are not entitled to qualified immunity based on the facts of this

case. The Second Circuit has held:

"As will be explained in greater detail below, that precedent clearly establishes

that for a supervisor to be liable under section 1983, for his failure to inquire he must

first have been on notice that his subordinate was prone to commit some

unconstitutional or unacceptable behavior. Such notice could be actual (for example ,

awareness of prior deprivations in a related context), or it could be constructive (for

instance, notice arising from a preexisting duty). In McCann v. Coughlin, 698 F.2d 112,

125 (2d Cir. 1983) the Second Circuit held that a prison commissioner and

superintendent could be held liable for their gross negligence and their deliberate

indifference to the constitutional rights of inmates, as indicated by their having  actual or

constructive notice that unconstitutional practices were taking place , and their failure to

act on the basis of that notice.

In this case it is not controverted that Chief Croughwell, as well as the other

15

WESLEY S. SPEARS, ESQ.

ATTORNEY AND COUNSELOR AT LAW

53 RUSS STREET • HARTFORD, CT 06106 • (860) 724-0505 • FAX (860) 249-1533 • JURIS NO. 305297

individual defendants,  had actual notice that sexual assaults were taking place against women, and did nothing to investigate the matter further or remedy the situation.  Chief Croughwell and the other defendants, can not escape liability by saying, I referred the issues of rapes committed by on duty Hartford police officers to the FBI, so I did not conduct any investigation of my own department or follow up with the officers who were implicated in order to prevent future rapes.

A jury would be justified in finding that the failure of the Chief to do anything to prevent future sexual assaults after five officers had been convicted of sexual assault amounted to deliberate indifference or gross negligence.  The facts of the instant case presents a triable issues of material fact as to whether the Chief Croughwell and Acting Chiefs Barrows and Rudewicz  failure to adequately supervise, discipline and negligently hiring officers amounted to deliberate indifference or gross negligence.

Case law clearly establishes that a supervisor may be liable failure to screen or inquire about his subordinates or into their actions.  See e.g., Fiacco v. City of Rensselaer, 783 F.2d 319, 329.31 (2d Cir. 1986) finding sufficient evidence to support a jury's finding that a police chief was deliberately indifferent to his officers' use of excessive force because the evidence showed that the chief failed to exercise reasonable care in investigating several claims of police brutality and instead only conducted a superficial questioning of the accused officers, *cert. denied*, 480 U.S. 922, 107 S.Ct. 13484, 94 L.Ed. 2d 698 (1987).

16

**E.    THE DEFENDANT ARE NOT IMMUNE FROM LIABILITY AS TO PLAINTIFF'S NEGLIGENCE CLAIMS UNDER THE DOCTRINE OF GOVERNMENTAL IMMUNITY**

Normally a governmental official is immune from suit for negligence carrying out a discretionary as opposed to a ministerial function.  However, there are three exceptions to that rule.  "One exception is when "it would be apparent to the public officer that his failure to act would likely subject an identifiable person to imminent harm".  Id.; see, e.g., Sestito v. Groton, supra 528.  Another exception is where "a statute may specifically provide for a cause of action against an official or a municipality for failure to enforce certain laws, such as those designed to prevent disturbances of the peace by riotous assemblies.  See e.g., Sestito v. Groton, supra, 523-24.(General Statutes § 7-108)."  Shore v. Stonington, supra, 154.  A third exception to the general rule is where the complaint alleges an action involving malice, wantoness or intent to injure, rather than negligence."  Gordon v. Bridgeport Housing Authority, 208 Conn. 161 (1988).

In this case it is clear that the Chief Croughwell and the other defendants were aware that  women had been sexually assaulted on an ongoing basis by on duty Hartford police officers.  Clearly, the defendants failure to act subjected women in Hartford to imminent harm and the plaintiff did suffer harm.  Therefore, the plaintiff has asserted a valid negligence claim against Chief Croughwell and the other defendants.

17

**WESLEY S. SPEARS, ESQ.**
ATTORNEY AND COUNSELOR AT LAW
53 RUSS STREET • HARTFORD, CT 06106 • (860) 724-0505 • FAX (860) 249-1533 • JURIS NO. 305297

**F.**  **Plaintiff's Vicarious Liability Claims Against the City is Withdrawn.**

The plaintiff hereby withdraws her vicarious liability claims against the City pursuant to Conn. Gen. Stat. § 7-465.

PLAINTIFF, JANE DOE I

By
Wesley S. Spears
53 Russ Street
Hartford, CT 06106
Tel. (860) 724-0505
Fax. (860) 249-1533
Federal Bar #01516

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed postage prepaid on this 13th day of November, 2003 to:

Brian Leaming, Esq.
Halloran & Sage
225 Asylum Avenue
Hartford, CT 06103

William J. Melley, Esq.
250 Hudson Street
Hartford, CT 06106

Wesley S. Spears

18