

1    A    The arrest of sexual assault.

2    Q    Okay.  And what happened to those?  When he

3  resigned, it just went away?

4    A    On the resignation, yes.  On the court case --

5  remember, this is administrative.

6    Q    Right.

7    A    So the discipline was really meted out at 101

8  Lafayette Street.

9    Q    Okay.

10    A    So we didn't do anything further.

11    Q    And other than this particular incident, did you

12  become aware of any other allegations made against Officer

13  McCrorey regarding misconduct concerning his relationships

14  or contact with women?

15    A    At what time are you --

16    Q    Any time.  Any time while he was a police officer.

17    A    Yes.

18    Q    And what information did you become aware of?

19    A    It was a 302 from the FBI that was an allegation

20  that he was involved in a sexual assault.

21    Q    And was that person that he was involved with --

22  allegedly involved with a sexual assault an alleged

23  prostitute or was that just a regular person?

24    A    Prostitute.

25    Q    And do you know where that 302 report that you

1   received is?

2       A    Yes.   There was a photocopy from the FBI.   Once

3   our investigation was completed, the FBI sent me a 302.

4       Q    And do you know where it is?

5       A    It should be in the archives.

6       Q    Again, I would ask you to produce that.   And do

7   you know if there was ever an investigation conducted by the

8   Hartford police department concerning that 302 report?

9       A    No.

10      Q    Okay.   Do you know -- you don't know whether there

11  was one or there wasn't one?

12      A    There was not one.

13      Q    And do you know why there wasn't one?

14      A    It was after the fact.   The accusations were -- I

15  cannot give you the exact date.   I don't have that with me.

16  But it was several years prior.   The FBI holds their 302s.

17  They don't give that information to us.   That was under a

18  grand jury, so we didn't have access to that.   And once we

19  received it, it was already far beyond and it was after this

20  investigation.

21      Q    Okay.   So, in other words, you waited to see what

22  happened to him as a result of this case and you felt it

23  unnecessary -- the department felt it unnecessary to

24  investigate the incident because it was old?

25      A    No, sir.   That's not correct.

1      Q     Okay.

2      A     The accurate part of that was it was a

3  preliminary -- once we received it, once I received from the

4  FBI, it was a preliminary investigation, and come to find

5  out, he wasn't even employed as a police officer at the time

6  this incident, this alleged incident, occurred.  So it was a

7  little difficult to go forward with, one, a witness who was

8  no longer here; two, that he was not even employed as a

9  police officer here; and, three, that the FBI had held this

10  information for I don't know how long and they wouldn't

11  provide any more details other than just a 302.

12      Q     Okay.  Now, can you give me from memory or from

13  reviewing any document that's before you the best

14  recollection of the disciplines that Mr. McCrorey has

15  received at the department and what they were for?

16      A     I don't -- I don't have that entire package with

17  me.  No, sir, I don't have that.  I could easily get that as

18  part of the records of the department advocate.  I don't

19  have that with me right now.

20      Q     But you can obtain those records?

21      A     Sure.

22      Q     Okay.  Now, there were certain tests done on

23  certain items as part of this investigation, and what I'm

24  referring to is I believe you or someone with you took

25  samples from a piece of carpet from the victim's home.



McCROREY, Daryel
Rank:  Police Officer

Date of Hire:  9/26/94

| DATE | CHARGES | DISCIPLINE |
|------|---------|------------|
| 11-14-95 | 8.04 | D/C |
| 12-10-96 | 5.14 | D/C |
| 12-5-97 | 8.04 | D/C |
| 2-3-98 | 5.09 | W/R |
| 2-24-98 | 5.15 | D/C |
| 3-5-98 | 8.16 | W/R |
| 4-23-98 | 5.14 | D/C |
| 8-19-98 | 8.04 | D/C |
| 3-9-99 | 8.04 | O/R |
| 3-23-99 | 5.10  2.20 | 12 Calendar day Suspension |
| 9-22-99 | 5.14 | W/R |
| 5-3-00 | 5.08 | O/R |







| Hartford Police Department **GENERAL ORDER** Official Policy and Procedure | Order Number: 4-1 Effective Date: 12/01/94 |
|---|---|

Order Name: **CODE OF CONDUCT**

## *PREAMBLE*

Chapter XV of the Charter of the City of Hartford vests in the Chief of Police the power to promulgate all Rules and Regulations concerning the operation of the Department and the conduct of all the officers and employees thereof. He is responsible for the efficiency, discipline, and good conduct of the department and for the care and custody of all property used by the department.

Rules of conduct and disciplinary procedures are hereby established pursuant to the powers vested in the Chief of Police by the City Charter, City of Hartford. The Rules of Conduct and Disciplinary Procedures are subject to continuing revision.

These rules of conduct and disciplinary procedure contain a section entitled "Employee Entitlements/Responsibilities". This section is not mere verbiage. Rather, it is intended to insure fair, equitable, uniform and judicious treatment of all employees. The disciplinary procedure is intended to apply to all personnel. Supervisory officers, police officers, and civilian personnel; full or part-time employees are included. Any supervisory officer or investigator violating an employee right will be subject to discipline as is any other employee.

Although the following sections prescribe or prohibit specific conduct on the part of employees of the Hartford Police Department and violation of any of them will constitute grounds for disciplinary action, they do not and cannot itemize every act or omission which will be sufficient cause for disciplinary action. Such acts or omissions not particularly specified shall be charged under Article I Section 1.00. Because of the broad variations possible under sections 1.00, 7.01, and 7.04, classification of these three offenses shall be left to the discretion of the employee's commander subject to review at the bureau level.

Order Number: 4-1

Order Name: CODE OF CONDUCT

For the purpose of penalties the following classification system of offenses will be used:

| CLASS | PENALTY |
|-------|---------|
| A | Documented Counseling |
| B | Oral Reprimand |
| C | Written Reprimand |
| D | Suspension 1 to 5 Days |
| E | Suspension 6 to 10 Days |
| F | Suspension 15 to 30 Days |
| G | Suspension 45 to 60 Days |
| H | Suspension 90 to 180 Days |
| I | Termination |

Penalties listed for each violation contained in the Code of Conduct are listed in ascending, alphabetical order. As such, should an employee have a charge upheld on the first occasion of a particular section, the employee shall be penalized with the first alphabetical penalty of the section. On the next upheld charge for a violation of the same section, the employee will be penalized with the next alphabetical penalty. This process shall continue progressively for subsequent penalties for violations of the same section.

In any Class F through I offense, demotion is a suitable alternative to the listed penalty. In all cases where an employee has committed a previous offense under the same article, the penalty allowable may he increased to the next most severe penalty class. Furthermore, where the subject employee has three or more A, B or C class violations the Chief of Police may raise a subsequent A, B or C penalty to a D penalty when the previous violations have been administratively upheld. In those cases where the employee has three or more penalties in the suspension class, the Chief may raise a subsequent suspension penalty to the next highest level.

-Page 2-

Order Number: 4-1

Order Name: CODE OF CONDUCT

For the purposes of this Code of Conduct "Willful" and "Intentional" shall be interchangeable and describes a state of mind wherein the employee acts with a conscious objective to cause a particular result or to engage in a particular conduct.

## LAW ENFORCEMENT CODE OF ETHICS

"As a law enforcement officer, my fundamental duty is to serve mankind; to safeguard life and property; to protect the innocent against deception; the weak against oppression or intimidation, and the people against violence or disorder; and to respect the Constitutional rights of all people to liberty, equality and. justice. I will keep my private life unsullied as an example to all; maintain courageous calm in the face of danger, scorn, or ridicule; develop self restraint; and be constantly mindful of the welfare of others. Honest in thought and deed in both my personal and official life, I will be exemplary in obeying the laws of the land and the regulations of the department. Whatever I see or hear of a confidential nature or that is confided to me in my official capacity will be kept ever secret unless revelation is necessary in the performance of my duties.

I will never act officiously or permit personal feelings, prejudices, animosities or friendships to influence my decisions. With no compromise for crime and with relentless prosecution of criminals, I will enforce the law courteously and appropriately without fear or favor, malice or ill-will, never employing unnecessary force or violence and, never accepting gratuities.

I recognize the badge of my office as a symbol of public faith, and accept it as a public trust to be held so long as I am true to the ethics of the Police Service. I will constantly strive to achieve these objectives and ideals, dedicating myself before God to my chosen profession . . . Law Enforcement."

The Law Enforcement Code of Ethics is a part of this Order.

-Page 3-

Order Number: 4-1
Order Name: CODE OF CONDUCT

## ARTICLE I

1.00   Any violation of the rules and regulations, published orders, directives, memoranda, or any lawful order, or any act which lends to undermine the good order, efficiency and discipline of the Department, or which reflects discredit upon the Department or any member thereof, shall constitute conduct unbecoming an employee.

This section will not be used when the employee's conduct is more specifically addressed by another section of the code.

Order Number: 4-1
Order Name: CODE OF CONDUCT

## ARTICLE II
## CRIMINAL CONDUCT

*DEFINITIONS:*

FELONY: An offense for which a person may be sentenced to a term of imprisonment in excess of one year. (CGS Sec. S3a-25) * Felonies are classified as follows: Class A, Class B, Class C, Class D, Capital Felonies, unclassified.

MISDEMEANOR: An offense for which a person may be sentenced to a term of imprisonment of not more than one year. (CGS Sec. 53a-26) Misdemeanors are classified as follows: Class A, Class B, Class C and unclassified.

2.01    Accepting a bribe or gratuity to permit an illegal act.
        I

2.02    Removing Department or City property without authorization with the intent to permanently deprive the department or City of said property where the value of the property is less than $50.00.
        F, I

2.03    Removing Department or City property without authorization with the intent to permanently deprive the department or the City of said property where the value of the property is $50.00 or more.
        I

-Page 5-

Order Number: 4-1
Order Name: CODE OF CONDUCT

2.04    Unauthorized entry into any office, desk or locker of another, by any means, knowing the employee has no right to access with the intent to commit a criminal act.
I

2.05    Arrest and conviction of any felony crime
I

2.06    Arrest of a felony crime, conviction on a misdemeanor.
H, I

2.07    Arrest and conviction of all larceny and/or larceny related crimes; all crimes of a sexual nature or crimes involving moral turpitude.
I

2.08    Arrest of all crimes as described in Section 2.07, and conviction of a substituted offense or any substituted charge.
H, I

2.09    Arrest and conviction of any misdemeanor except those that are spelled out in Section 2.07, including any/all motor vehicle violations which include imprisonment less than one (1) year.
G, H, I

2.10    Knowingly or willfully making a false entry in any Departmental or other official report or record.
E, G, I

2.11    Involvement in illegal vice-related activities.
D, E, I

-Page 6-

Order Number: 4-1
Order Name: CODE OF CONDUCT

2.12     Fighting with a fellow employee while on duty.
         F, H, I

2.13     Intentionally allowing a prisoner to escape
         I

Order Number: 4-1
Order Name: CODE OF CONDUCT

## ARTICLE III - SUBSTANCE ABUSE

3.01    Testing positive under the Drug testing policy for Cannabanoid, Cocaine, Phencyclidine, Methaqualone or Opiates which are illegal in and of themselves to possess.

3.02    Testing positive under the Drug Testing Policy for any other narcotic and/or controlled, substance, identified in this policy but not covered under 3.01. The penalty shall be termination except that an employee other than an entry level probationary employee shall be offered the opportunity to consent to one "Last Chance Agreement" as long as that employee has not been the subject of "substantial disciplinary action" as defined in the drug testing agreement.

3.03    Refusal to submit to a properly ordered urinalysis drug test under the procedures outlined in the Drug Testing Policy.

3.04    Failure to meet with, and/or provide information to, the Medical Review Officer.

3.05    Being under the influence of alcohol and/or an undetermined substance while on-duty.
        G, H, I

3.06    Being under the influence of alcohol and/or an undetermined substance while off-duty, in uniform and in possession of a firearm.
        F, G, I

-Page 8-

Order Number: 4-1
Order Name: CODE OF CONDUCT

3.07    Being under the influence of alcohol and/or an undetermined substance while off-duty, not in uniform, but in possession of a Department issued firearm.
D, E, H, I

3.08    Being under the influence of alcohol and/or an undetermined substance while off-duty, in uniform, but not in possession of a firearm.
D, F, H, I

3.09    Consumption of alcoholic beverages while on-duty or off-duty in uniform without supervisory approval.
E, G, I

3.10    Consumption of alcoholic beverage while on-duty, not in uniform, without supervisory approval.
E, G, I

3.11    Consumption of alcoholic beverages during the four (4) hours immediately prior to reporting for duty or to such an extent as to render the employee unfit for duty.
D, E, H, I

Order Number: 4-1
Order Name: CODE OF CONDUCT

## ARTICLE IV
### SUPERVISORY RESPONSIBILITIES

4.01    Using rude, insulting or offensive language, or other offensive behavior by a supervisory officer towards an employee of a lower rank.
D, E, G, H, I

4.02    A supervisory officer giving an order knowing such to be unlawful or beyond the scope of the supervisor's authority.
F, G, I

4.03    A supervisory officer shall not reprimand any employee in a degrading or defamatory manner, nor shall a supervisor reprimand an employee in the view of other employees except where operations or exigent circumstances require immediate action.
D, E, G, H, I

4.04    Failure to properly supervise subordinates or to prefer disciplinary action, or to take other appropriate action.
D, F, G, I

4.05    Failure of a supervisor to allow an employee of his/her Employee Rights under Article XI of this Code of Conduct and adhere to same, or to comply with Order 8-26.
D, E, F, H, I

4.06    Failure of a supervisor to make proper notifications.
B, C, D, E, F, I

4.07    Failure of a supervisor to complete reports, in a timely manner.
A, B, C, D, F, I

-Page 10-

Order Number: 4-1
Order Name: CODE OF CONDUCT

## ARTICLE V
## NEGLIGENT PERFORMANCE OF DUTY

5.01    Removing Department or City property without the proper authorization but with no intent to permanently deprive the Department or the City of said property.
B, C, D, F, G, I

5.02    Negligent entry in any Bureau, Division or Department record.
A, C, D, F, H, I

5.03    Negligently making public statements regarding confidential departmental materials.
C, D, F, G, H, I

5.04    Negligently failing to take appropriate action when necessary and/or failure to make a written report of same to appropriate Bureau, Division or Commanding Officer at the conclusion of the employee's tour of duty unless specifically waived by the Commander.
C, D, F, G, H, I

5.05    Inattentive to duty or assignment
A, C, D, E, H, I

5.06    Asleep on Duty
B, C, D, E, H, I

5.07    Negligent absence from duty assignment without permission.
B, C, D, E, H, I

Order Number: 4-1
Order Name: CODE OF CONDUCT

5.08    Negligent failure to comply with any lawful orders, procedures, directives or regulations; oral or written.
B, C, D, E, G, I

5.09    Failure to properly care for assigned equipment: excluding City vehicles, and./or damaging or causing damage to same due to carelessness or neglect $500.00 and under.
C, D, E, G, I

5.10    Failure to properly care for assigned equipment excluding City vehicles, and/or damaging or causing damage to same due to carelessness or neglect $500.00 and over.
E, G, I

5.11    Interfering with or inattentiveness to radio broadcasting or computer systems due to negligence or carelessness.
C, D, E, F, H, I

5.12    Allowing a prisoner to escape due to carelessness or neglect.
D, E, F, G, H, I

5.13    Failure to properly identify, collect or preserve evidence in a timely fashion due to carelessness or neglect.
C, D, E, G, H, I

5.14    Performing assigned duties or other official work in a careless or negligent manner or in disregard of prescribed procedures or established practices.
A, C, D, .F, H, I

5.15    Negligently using rude, offensive or profane language towards a citizen while on-duty or off duty while in uniform.
A, C, D, E, G, I

Order Number: 4-1
Order Name: CODE OF CONDUCT

5.16    Negligent abuse of sick leave.
        B, C, D, F, H, I

Order Number: 4-1
Order Name: CODE OF CONDUCT

# ARTICLE VI
## INTENTIONAL MISCONDUCT

6.01    Using violent, abusive or profane language with the intent to incite another employee, not in the public view.
D, E, H, I

6.02    Using violent abusive or profane language with intent to incite another employee, in the public view.
D, F, G, H, I

6.03    Intentionally making public statements regarding confidential departmental material.
D, F, H, I

6.04    Making public statements which are known to be false or to be in reckless disregard of known facts department policy or business.
D, F, H, I

6.05    Using rude, insulting or offensive language, or other offensive behavior by an employee towards a supervisory officer.
D, E, G, H, I

6.06    Intentionally using rude, offensive or profane language and/or behavior towards a citizen while on-duty.
C, D, E, G, H, I

6.07    Intentional absence from duty assignment without authorized permission.
D, E, F, G, H, I

-Page 14-

Order Number: 4-1
Order Name: CODE OF CONDUCT

6.08    Intentional failure to take appropriate action when
        necessary and/or failure to make a written report of same
        to appropriate Bureau, Division, or Commanding Officer
        at the conclusion of the employee's tour of duty unless
        specifically waived by the Commander.
        D, E, F, G, H, I

6.09    Intentional and willful failure to comply with any lawful
        orders, procedures, directives or regulations, oral or
        written.
        D, E, F, G, H, I

6.10    Intentional failure to report as a witness when duly
        notified within reasonable time limits or when
        subpoenaed.
        D, E, F, G, H, I

6.11    Intentionally damaging Police Department or City property
        and/or equipment up to $500.
        D, E, G, H, I

6.12    Willful interference with Radio Broadcasting and/or
        tampering with radio or computer equipment.
        E, F, H, I

6.13    Failure to respond to an acknowledged radio call.
        H, I

6.14    Failure to take appropriate action concerning illegal
        activity, including vice conditions.
        D, E, F, G, H, I

6.15    Intentionally depriving a suspect or prisoner of basic
        rights or humane treatment.
        D, E, F, G, H, I

-Page 15-

Order Number: 4-1
Order Name: CODE OF CONDUCT

6.16    Intentional abuse of sick time.
        D, E, F, G, H, I

6.17    Refusal to obey a proper order of a supervisor.
        D, F, I

-Page 16-

Order Number: 4-1
Order Name: CODE OF CONDUCT

## ARTICLE VII
## USE OF FORCE AND FIREARMS DISCHARGE

7.01    Intentional, unnecessary and excessive use of force in
        effectuating an arrest or in the performance and
        execution of other official duties.

        UNCLASSIFIED

***     Where the incident involves a discharge of a firearm, an
        employee will not be charged with section 7.03 or 7.04
        until the results of the Firearms Discharge Review Board
        are released.

7.03    Intentional disregard of Departmental Firearms Guidelines.
        H, I

7.04    Negligent disregard of Departmental Firearms Guidelines.
        UNCLASSIFIED

7.05    Display of a firearm in an unreasonable manner.
        D, F, H, I

Order Number: 4-1
Order Name: CODE OF CONDUCT

## ARTICLE IIX
## ADMINISTRATIVE REGULATIONS

8.01    Failure to carry only that equipment with which the
        employee has displayed required proficiency.
        B, C, D, F, H, I

8.02    Carrying or utilizing equipment not authorized. for use by
        the Department.
        C, D, E, F, H, I

8.03    Failure to observe Department procedures outlining safety
        practices or adhere to established practices relating to
        safety.
        C, D, F, H, I

8.04    Failure to be on time when reporting for duty, including
        roll calls, court appearances and other duty assignments.
        A, B, C, D, F, H, I

8.05    Failure to remove the keys from a Department vehicle
        when unattended.
        A, C, E, H, I

8.06    Allowing an unauthorized person in a police vehicle.
        C, D, E, G, I

8.07    Failure to adhere to Department Rules regarding reporting
        Illness within a "reasonable time".
        B, C, D, F, H, I

8.08    Failure to an employee to report  any medical condition
        which might render the employee unfit for assigned duty.
        B, C, D, F, G, I

-Page 18-

Order Number: 4-1

Order Name: CODE OF CONDUCT

8.09   Use of any narcotic substance or controlled  substance
       pursuant to a doctor's order, without reporting  same to
       a supervisory officer, where the substance may impair an
       employee's judgement.
       B, C, D, F, H, I

8.10   Failure to supply the Department with a consistent current
       residence telephone number and residence address.
       C, D, E, H, I

8.11   Failure to wear the prescribed uniform or equipment for
       assigned duties.
       C, D, F, H, I

8.12   Failure of an employee to maintain  themselves and their
       uniform in a neat and clean condition.
       B, C, D, F, I

8.13   Failure  to  maintain  a  valid,  usable  Motor  Vehicle
       Operator's license.
       D, G, I

8.14   Failure to report  revocation or suspension of one's
       Motor Vehicle License on a timely basis.
       E, H, I

8.15   Refusal to give name and/or arrest code when properly
       requested.
       B, C, D, F, G, I

8.16   Absence from duty assignment through the use of  leave
       time which the employee does not have available for use.
       C, D, E, F, H, I

Order Number: 4-1
Order Name: CODE OF CONDUCT

## ARTICLE IX

## USE OF DEPARTMENT VEHICLES

9.01    Unauthorized and intentional misuse of a police vehicle
        for personal use.
        D, F, I

9.02    Unauthorized use of a department vehicle.
        B, C, D, E, H, I

9.03    While operating a City vehicle, the employee is involved
        in a motor vehicle accident wherein the Accident Review
        Board finds the operator chargeable for the accident.

        For the purposes of determining the proper penalty, the
        Chief of Police will consider any chargeable accident
        within three years of the date of the accident at issue.
        B, C, D, E, G, I

9.04    While Operating a City vehicle, the employee involved in
        a motor vehicle accident wherein the Accident
        Review Board finds the operator chargeable for the
        accident and the employee's operation is reckless.
        (Factors to determine whether operation is reckless shall
        include, but are not limited to: type of call responded to,
        road and, weather conditions and/or time of day).
        D, E, F, H, I

9.05    Failure to follow Departmental guidelines or procedures
        regarding motor vehicle pursuits.
        C, D, G, I

Order Number: 4-1

Order Name: CODE OF CONDUCT

9.06    Failure to properly care for a  Department vehicle and/or
        damaging, or causing damage to a Department vehicle
        due to  carelessness or neglect.
        C, D, E, F, G, I

9.07    Intentionally failing to properly care for a Department
        vehicle and/or intentionally/recklessly damaging causing
        damage to a Department vehicle.
        D, F, H, I

| HARTFORD POLICE DEPARTMENT POLICY AND PROCEDURE | EFFECTIVE DATE: 12/1/94 | NUMBER: 4-1A |
|---|---|---|
| | ISSUANCE DATE: 1/28/99 | PAGE_1_OF_3_PAGES |
| **GENERAL ORDER** | Distribution: All Department Personnel Except Members of 1716 AFSME | |

| SUBJECT: CODE OF CONDUCT | REFERENCE: Contract with HPU | RESCINDS: |
|---|---|---|

## Preamble

Chapter XV of the Charter of the City of Hartford vests in the Chief of Police the power to promulgate all Rules and Regulations concerning the operation of the Department and the conduct of all the officers and employees thereof. He is responsible for the efficiency, discipline, and good conduct of the department and for the care and custody of all property used by the department.

Rules of conduct and disciplinary procedures are hereby established pursuant to the powers vested in the Chief of Police by the City Charter, City of Hartford. The Rules of Conduct and Disciplinary Procedures are subject to continuing revision.

The Hartford Police Department employees deserve a workplace where they can work to achieve their potential and their goals as well as the Department's goals and objectives. When an employee is harassed because of race, gender, color, national origin, disability, sexual orientation, age or religion it is a violation of Policy of the City of Hartford.

Harassment is unwelcome conduct when that conduct interferes with an employees job performance and which is contributory toward creating a hostile working environment.

This conduct may be written, oral or be in the form of a joke or a prank. However, harassment of any kind has no place in the Hartford Police Department and will not be tolerated and in most cases is unlawful.

To this extent, Section XII contains infractions and subsequent penalties which are severe in nature and will be treated accordingly.

In addition, the Hartford Police Department affirms the City of Hartford policy relative to sexual harassment and encourages any employee who feels that they are a victim of sexual harassment to contact the Department or the City's Equal Opportunity Officer.

These rules of conduct and disciplinary procedure contain a section entitled "Employee Entitlements/ Responsibilities". This section is not mere verbiage. Rather, it is intended to insure fair, equitable, uniform and judicious treatment of all employees. The disciplinary procedure is intended to apply to all personnel. Supervisory officers, police officers, and civilian personnel; full or part-time employees are included. Any supervisory officer or investigator violating an employee right will be subject to discipline as is any other employee.

(Continued)

BY AUTHORITY OF:

JOSEPH F. CROUGHWELL, CHIEF OF POLICE

HPD FORM 32 (REV. 2/95)