

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE | : | CIVIL ACTION |
| | : | NO. 3:01CV278 (DJS) |
| V. | : | |
| CITY OF HARTFORD, ET AL | : | NOVEMBER 20, 2003 |

## MOTION TO STRIKE PORTIONS OF THE PLAINTIFF'S AFFIDAVIT AND THE AFFIDAVIT SUBMITTED BY YOLANDA SANTIAGO

Pursuant to Rule 56(e) and Rule 12(f) of the Federal Rules of Civil Procedure, the undersigned defendants, City of Hartford, Joseph Croughwell, Deborah Barrows and Robert Rudewicz, hereby move to strike those portions of the Affidavit of Yolanda Santiago and the Affidavit of Jane Doe II (Latoya Grasser), which are not based upon personal knowledge or which contain inadmissible hearsay. For the reasons set forth herein, the defendants' motion should be granted.

I.  ARGUMENT

   A.  Legal Standard

"On a summary judgment motion, the district court properly considers only evidence that would be admissible at trial." Nora Beverages v. Perrier Group of America, 164 F.3d 736, 746 (2d Cir. 1998); see also Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997); B. F. Goodrich v. Betkoski, 99 F.3d 505, 525 (2d Cir. 1996). A motion to strike is the proper mechanism to challenge an affidavit in support of a motion, or opposition thereto, for

05645.0598

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

summary judgment. Cellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir. 1988); Servants of the Paraclete v. Great American Ins. Co., 866 F. Supp. 1560, 1564 (D.N.M. 1994). A motion to strike is appropriately used if the supporting affidavit contains inadmissible material or is not based on personal knowledge. Newport Electronics, Inc. v. Newport Corp., 157 F. Supp. 2d 202, 208 (D. Conn. 2001). Rule 56(e) requires that supporting or opposing affidavits be:

> made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Fed. R. Civ. P. 56(e)(1987). If an affidavit contains inadmissible material, such as argument or conclusions of law, the court may disregard the inadmissible material. Amatulli v. People's Bank, 917 F. Supp. 895, 904 (D. Conn. 1996), vacated in part on reconsideration, 965 F. Supp. 1 (D. Conn. 1997). Any portion of the summary judgment affidavit that is not based upon personal knowledge should be stricken. Larouche v. Webster, 175 F.R.D. 452, 455 (S.D.N.Y. 1996), citing United States v. Alessi, 599 F.2d 513, 515 (2d Cir. 1979).

B.   Affidavit of Jane Doe II

In support of her Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, the plaintiff submitted a six-page affidavit by Jane Doe II (Latoya Grasser) consisting of 57 numbered paragraphs. **Exh. I** to Pl. Mem. of Law. Many of the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

factual assertions in the affidavit, however, do not comport with Rule 56(e). In particular, paragraphs 10, 24, 26, 46, 47, 49, 50 and 51 constitute either inadmissible hearsay or assert facts upon which Grasser has no personal knowledge.

Paragraph 10 avers that "in subsequent conversations, many other prostitutes indicated to me that they had been forced to engage in sex, under threat of arrest." This averment is inadmissible hearsay and, therefore, cannot be considered by the Court. Rule 802 of the Federal Rules of Evidence provides, "hearsay is not admissible except as provided by this rule or by other rules proscribed by the Supreme Court pursuant to statutory authority or by act of congress." Fed. R. Evid. 802 (1975). In the context of a summary judgment motion hearsay evidence is a nullity and must be disregarded. Burlington Coat Factory Warehouse v. Espirit De Corp., 769 F.2d 919, 924 (2d Cir. 1985); Schwimmer v. Sony Corp. of Amer., 637 F.2d 41, 45 n.9 (2d Cir. 1980). Rule 801 defines hearsay as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801 (1997). "On a summary judgment motion, the district court properly considers only evidence that would be admissible at trial." Nora Beverages, supra, 164 F.3d at 746. Statements by third parties to the plaintiff constitute hearsay and, therefore, are inadmissible and must be stricken.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Paragraph 24 reads that "apparently, Stacy Richards, advised them that I had been sexually assaulted by Hartford police officers." Paragraph 26 reads: "I also became aware that another woman Yolanda Santiago had also been assaulted by Officer Julio Camacho." Neither statement is based on the plaintiff's personal knowledge. Moreover, paragraph 24 contains inadmissible hearsay. Accordingly, both paragraphs should be stricken.

Paragraphs 46, 47 and 49 all contain inadmissible hearsay and should be stricken. Paragraph 46 states, "during the course of the Federal Investigation, I was transported to and from the Niantic Women's Prison, with other women who claimed to have been raped by Hartford police officers." Paragraph 47 continues by stating "many of the women I knew only by street names and not their given names." Paragraph 49 states "In subsequent conversations, many of these prostitutes confided in me that they had also been sexually assaulted, under threat of arrest." Each of these paragraphs assert hearsay statements, that is statements by unidentified declarants being offered to prove the truth of the matter asserted. The only relevance to these attestations is that there were other women who were claiming to have been raped by Hartford police officers. Therefore, the statements are inadmissible hearsay and should be stricken.

Paragraphs 50 and 51 should be stricken because they contain information which is not based upon the personal knowledge of the affiant. Paragraph 50 states "some of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

these same prostitutes had been transported to be interviewed with me as part of the same investigation." Paragraph 51 states "I saw between 10 to 15 other prostitutes who were interviewed on the same day as my interview regarding allegations of sexual assaults against prostitutes by Hartford police officers." Certainly, the substance of any communications of these prostitutes to any other third parties, including Grasser, would constitute inadmissible hearsay. Moreover, Grasser has no first-hand knowledge as to the purpose of these interviews and the nature of the information being sought by investigators. It is entirely conceivable that during the interview process, none of these other prostitutes had any information regarding allegations of wrongdoing by Hartford police officers. The inference from Grasser's affidavit is that these were all victims and/or witnesses to improprieties by Hartford police officers, a subject matter of which she has no personal knowledge. Moreover, even if that information was imparted to her by these prostitutes, the information would be considered inadmissible hearsay.

Moreover, the questionable evidentiary basis of these allegations has already been addressed by the Court (Nevas, USDJ) in Grasser's pending lawsuit against the City. **Exh. A.** The above-referenced portions of Grasser's affidavit were stricken when she failed to oppose the defendants' motion to strike. Id.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

C.   Affidavit by Yolanda Santiago

The plaintiff also offers an affidavit of Yolanda Santiago in support of her Opposition to Defendants' Motion for Summary Judgment. See **Exh. J** to Pl. Mem. Santiago's affidavit consists of two (2) pages and ten (10) numbered paragraphs. Paragraph 10 of the affidavit states "my cousin Judy Cruz was also sexually assaulted by a Hartford police officer around the same time as the assault on me." This allegation should be stricken because it contains inadmissible hearsay and/or the plaintiff lacks personal knowledge of the incident. The affidavit does not state that Santiago has personal knowledge of any of the information contained therein. Santiago does not attest that she observed the incident with Cruz. Presumably she obtained this information from Cruz. If so, it is hearsay. This allegation is particularly troubling, especially given that on June 27, 2001, Ms. Santiago provided sworn deposition testimony regarding her lawsuit against Julio Camacho. In her deposition, Santiago testified that she had no first-hand information regarding other women being sexually assaulted by police officers and nobody with first-hand knowledge ever told her they had been sexually assaulted by Hartford police officers. **Exh. B**, pp. 118-120.

For these reasons, that portion of Ms. Santiago's affidavit should be stricken and disregarded by the Court.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

III. <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, the undersigned defendants' Motion to Strike should be stricken.

                THE DEFENDANTS:
                CITY OF HARTFORD,
                JOSEPH CROUGHWELL,
                DEBORAH BARROWS AND
                ROBERT RUDEWICZ

By _____
Brian P. Leaming
HALLORAN & SAGE LLP
Fed. Bar #ct16075
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

- 7 -

One Goodwin Square      HALLORAN      Phone (860) 522-6103
225 Asylum Street        & SAGE LLP      Fax (860) 548-0006
Hartford, CT 06103                            Juris No. 26105

## CERTIFICATION

This is to certify that on this 20th day of November, 2003, I hereby mailed a copy of the foregoing to:

Wesley S. Spears, Esq.
53 Russ Street
Hartford, CT 06106

William J. Melley, III, Esq.
250 Hudson Street
Hartford, CT 06106

Brian P. Leaming

486951.1(HS-FP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

05645.0598

FILED

2003 SEP 12 P 12: 30

US ...

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE II | : | CIVIL ACTION |
| | : | NO. 3:01CV1026 (AHN) |
| | : | |
| CITY OF HARTFORD, ET AL | : | SEPTEMBER 11, 2003 |

GRANTED ABSENT OPPOSITION
(LOC. L RULE 9 (A))

Alan H. Nevas, USDJ



### MOTION TO STRIKE PORTIONS OF THE PLAINTIFF'S AFFIDAVIT AND THE AFFIDAVIT SUBMITTED BY YOLANDA SANTIAGO

Pursuant to Rule 56(e) and Rule 12(f) of the Federal Rules of Civil Procedure, the undersigned defendants, City of Hartford, Joseph Croughwell, Jeffrey Flaherty, Franco Sanzo, David Kenary, Terrance Blair, Robert Lawlor and Christopher Lyons, hereby move to strike those portions of the plaintiff's Affidavit and the Affidavit by Yolanda Santiago which are not based upon personal knowledge or which contain inadmissible hearsay. For the reasons set forth in the attached Memorandum of Law, the defendants' motion should be granted.

05645.0598

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN
& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

```
 1              UNITED STATES DISTRICT COURT

 2                 DISTRICT OF CONNECTICUT

 3   YOLANDA SANTIAGO

 4              PLAINTIFF

 5   VS.                              CIVIL ACTION

 6                                    NO. 300CV2386SRU

 7   CITY OF HARTFORD, HARTFORD

 8   POLICE DEPARTMENT, OFFICER

 9   JULIO CAMACHO

10              DEFENDANTS

11

12         DEPOSITION OF YOLANDA SANTIAGO

13

14   APPEARANCES:

15       LAW OFFICES OF ANGELO CICCHIELLO

16       BY:  DAVID COMPAGNONE, ESQ.

17            364 FRANKLIN AVENUE

18            HARTFORD, CONNECTICUT

19            ATTORNEYS FOR THE PLAINTIFF

20       HALLORAN & SAGE

21       BY:  BRIAN P. LEAMING, ESQ.

22            ONE GOODWIN SQUARE

23            225 ASLYM STREET

24            HARTFORD, CONNECTICUT
```

women?

A   Yes.

Q   That was information you obtained or got from the news media?

A   Yes.

Q   After the incident with Officer Camacho, did you hear additional information in the media about Hartford Police Officers involved in sexual assaults or rapes?

A   I don't understand.  Did I hear it in the news or by people?

Q   The first question, did you hear anything in the news after you were --

A   After I was raped, yes.

Q   In any of those news programs did you read or see, did they identify the officer by name?

A   Some of them they did.

Q   Did anybody ever tell you that they had personal knowledge or information that these officers were assaulting or raping women?

A   No.

Q   So the information that you had was just from the news media?

A   Yes.

Q   In other words, I want to be clear.  Acquaintances

1 or friends that came up to you and said, you are never
2 going to believe this, I was raped or assaulted by
3 Hartford Police Officers?
4    A    No.
5    Q    And other than the friends that you described that
6 you met or saw at the Bridgeport Court, is that the only
7 time anyone ever told you they had personal knowledge
8 or information that a Hartford Police Officer raped or
9 assaulted a woman?
10   A    Yes.
11   Q    The woman in Bridgeport you don't remember her
12 name?
13   A    No.
14   Q    No?
15   A    No.
16   Q    In any of your conversations with the FBI did they
17 tell you how many women Officer Camacho was alleged to
18 have assaulted or raped?
19   A    When I went to Bridgeport and I saw that girl,
20 I don't know the name, but he said that there was five
21 more other girls, including me it was five.
22   Q    When you first saw Officer Camacho on the
23 television program on the news, I believe you
24 indicated that they were talking about Officer

```
 1   Camacho being accused or charged with sexually
 2   assaulting or raping other women, correct?
 3       A   Yes.
 4       Q   And were they specific as to how many women?
 5       A   No.
 6       Q   Other than your uncle, and you may have answered
 7   this, do you know any other Hartford Police Officers by
 8   name?
 9       A   No.
10       Q   Do you have any kind of relationship with any
11   Hartford Police Officers currently or former members
12   of the department?
13       A   No.
14       Q   Other than Officer Camacho any other Hartford
15   Police Officers ever ask you or suggest to you to
16   engage in some sort of sexual act in exchange for not
17   arresting you or anything like that?
18       A   No.
19       Q   Has any other Hartford Police Officers ever asked
20   you to engage in a sexual act for money?
21       A   No.
22       Q   So the incident with Officer Camacho at least from
23   your personal perspective was the only time that any
24   police officers for the City of Hartford either asked you
```