

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE | : | CIVIL ACTION |
| | : | NO. 3:01CV278 (DJS) |
| V. | : | |
| CITY OF HARTFORD, ET AL | : | NOVEMBER 21, 2003 |

### DEFENDANTS' REPLY BRIEF

**I.   LOCAL RULE 56(A) STATEMENT**

Local Rule 56(a)2 obligates the plaintiff to include with her opposition papers a "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs whether each of the facts asserted by the defendants is admitted or denied.  The failure of the plaintiff to do so results in the defendants' Statement being deemed admitted.  Conn. L. Civ. R. 56(a)1 (2003).  The plaintiff has failed to oppose the defendants' Rule 56(a)1 Statement and, therefore, each factual allegation contained therein is admitted.  Accordingly, the plaintiff's description of the facts as set forth in her Memorandum of Law to the extent that they contradict the defendants' Rule 56(a)1 Statement must be disregarded by the Court.

**II.   SECTION B - Color of Law, pp. 8-11**

The plaintiff argues that because McCrorey was working in his normal patrol area and in uniform, and that he knocked on the door to her residence for ten (10) minutes, the plaintiff was coerced into allowing him entry.  The plaintiff, in her affidavit, avers that she "finally opened [the] door" because she believed that an officer was there on official business.  Otherwise, the

05645.0598

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

plaintiff maintains, she would not have opened it. The plaintiff argues that she has established a triable issue on whether McCrorey was acting under color of law.

The plaintiff's argument is unavailing for two reasons. First, the plaintiff's claim that she only opened the door because McCrorey was in uniform and presumably performing the official functions of a police officer <u>directly</u> <u>contradicts</u> her sworn deposition testimony. In her affidavit, the plaintiff attests: "I would not have opened the door if it was not a police officer at my door. I thought the police officer must have been there on official business because he was driving a cruiser and banging on my door for such a long time." **Exh. A** to *Pl. Mem. of Law*. In her deposition, however, the plaintiff attested that: "I opened the door, because I thought it was my girlfriend. That is the time I was expecting her." **Exh. O**, p. 41, lines 14-15. The plaintiff reaffirmed this testimony later in the deposition:

> Q: "When Officer McCrorey came into the residence on November 8, 2000, as I understood your testimony, you opened the door believing it was your friend; correct?"
>
> A: "Yes."

Id., p. 81, lines 12-16.

"A party may not create an issue of fact by submitting an affidavit in opposition a summary judgment motion that by omission or addition, contradicts the affiant's previous deposition testimony." Raskin v. Wyatt Co., 125 F.3d 55, 63 (2d Cir. 1997). If a party could raise an issue of fact by submitting an affidavit contradicted in prior testimony, the utility of a summary judgment motion will be greatly diminished. Hayes v. New York City Department of Corrections, 84 F.3d 614, 619 (2d Cir. 1996). The plaintiff's self-serving affidavit contradicts her sworn deposition testimony that she opened the door because she believed it to be her friend

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

and therefore should be disregarded and any argument she advances suggesting that she was "coerced" into allowing McCrorey entry should be flatly rejected.

Second, McCrorey's knocking on the door while on duty and in uniform does not establish a triable issue of whether he was acting under color of law. Even if the Court were to consider the plaintiff's argument that she was "coerced" into opening the door, her claim is unsupported by the evidence. The plaintiff testified that Officer McCrorey arrived at her house two (2) days before the subject incident and knocked on the door. **Exh. O**, p. 37, lines 20-22. The plaintiff observed a police cruiser and recognized Officer McCrorey, but she never opened her door. Id., lines 22-25. She testified that since she did not call the police, McCrorey had no reason to be there. Id., p. 38, lines 1-15. Her present claim that she was "coerced" into allowing McCrorey entry because he was in uniform is contradicted by her own testimony.

Moreover, the singular fact of a uniformed police officer knocking on a door in now way implicates action under color of law. There is nothing intrinsic about knocking on a door which could be construed as exercising power possessed by state law. In our modern society, door-knocking is generally how visitors announce their presence at another's residence. No allegations in the plaintiff's affidavit refute the uncontroverted facts that McCrorey was acting in the "ambit of [his] personal pursuits." See Banisaied v. Clisham, 992 F. Supp. 128, 130 (D. Conn. 1998). Because McCrorey's "actions were [not] in any meaningful way related to either his official status or to his performance of his police duties, it cannot be maintained that he was acting under color of law." Martinez v. Colon, 54 F.3d 980, 987 (1st Cir. 1985).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### III.   SECTION C - Individual Defendants, p. 11

The plaintiff advances a one paragraph argument that while the individual defendants (other than McCrorey) did not sexually assault her, each knew of other officers sexually assaulting women while on duty, yet failed to prevent the plaintiff's sexual assault in November 2000.[1/] The plaintiff does not offer any evidence in admissible form that could establish a claim of supervisory liability as to Chief Barrows, Chief Rudewicz or Chief Croughwell. "When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's responses, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). Nowhere in the plaintiff's brief does she set forth what information was known the individual defendants, when they obtained that information, and what position they held when they obtained the information. As set forth in the Affidavit of Franco Sanzo (**Exh. K** to *Pl. Mem. of Law*)

---

1/   In the plaintiff's recitation of facts, she charges the defendants with knowing that McCrorey had sexually assaulted a prostitute before joining the Police Department. See **Exh. D** to *Pl. Mem. of Law* (date of hire 9/26/94). The plaintiff, however, offers no evidence that the City or any of its policymakers were aware of this allegation. In fact, as Sergeant Calderone testified in his deposition, this information came to the Police Department from the FBI after McCrorey's arrest and years after the incident. **Exh. S**, *Calderone Dep.*, p. 17, lines 14-20. Calderone further testified that the information related to an incident occurring before McCrorey was a police officer (before September 1994) and the witness/victim could not be located. Id., p. 18, lines 2-11. Morever, the statute of limitations had already expired for any criminal investigation that could have been conducted. See Conn. Gen. Stat. § 54-193 (felony offenses other than capital, Class A, and certain enumerated felonies are subject to five year statute of limitations); and § 53a-70 (Sexual Assault in the First Degree is Class B felony).

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

information was obtained on August 5, 1998 that one police officer may have violated the civil rights of a prostitute. The complaint resulted in an immediate investigation by the Hartford Police Department Internal Affairs Division. Id. The investigation thereafter expanded to include federal and state law enforcement agencies and the creation of a joint law enforcement task force. Id. The investigation resulted in the indictment and conviction of several police officers.[2/]

The plaintiff offers no evidence as to how the individual defendants were required to protect the plaintiff from the private violence inflicted by McCrorey. There is no evidence that the plaintiff was a prostitute, that she was known to the defendants to be in danger, or that the defendants knew or should have know McCrorey would stop by her house one day and sexually assault her.

## IV.  SECTION D - Unconstitutional Practice or Custom, pp. 11-12

The plaintiff argues that five prostitutes were identified by name as being sexually assaulted by Hartford police officers over a long period of time. The plaintiff argues further that five officers were subsequently convicted for crimes related to the sexual assaults. As evidence, the plaintiff offers the affidavits of Jane Doe II (Grasser) and Yolanda Santiago. The defendants do not dispute that five Hartford police officers were convicted of criminal offenses arising from the joint law enforcement investigation, or that several of those complaints were made by Grasser and Santiago. Any other allegations of sexual misconduct claimed by the

---

[2/]  See U.S. v. Basile, No. 99CR64 (PCD); U.S. v. Abbatiello, No. 99CR62 (AWT); U.S. v. Gallo; No. 00CR100 (AWT); U.S. v. Rivera, No. 99CR63 (AWT); U.S. v. Camacho, No. 99CR215 (AVC).

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

plaintiff, however, are not before this Court in the form of admissible evidence. Significantly, the situation involving the plaintiff was unrelated to the task force investigation which was directed at certain police officers who used the threat of arrest or their authority as police officers to coerce prostitutes into performing sexual activity. Here, the plaintiff makes not claim that she was a prostitute, that she was coerced into performing sexual acts for fear of being arrested or that she was particularly vulnerable to the influence of a police officer invoking his authority as a law enforcement officer. In fact, when McCrorey previously appeared at her residence unannounced, she refused to answer the door. On this occasion, she answered the door only because she thought it was her friend.

If the arrests and convictions of Hartford police officers establishes anything, it is that criminal conduct by Hartford police officers was <u>not</u> tolerated by the City. The investigation, indictment and prosecution of Hartford police officers was well publicized and ongoing before this incident. See e.g. <u>U.S. v. Gallo</u>, 2002 WL 243169 (2d Cir. 2002)(provides chronology of Officer Gallo's indictment, trial and conviction). Officer Gallo was indicted on June 3, 1999 and convicted after a jury trial on October 27, 2000, less than two (2) weeks before the subject incident. <u>U.S. v. Gallo</u>, 00CR100 (AWT). Officer Jesus Rivera was arrested on April 7, 1999, pled guilty on November 11, 1999, and was sentenced on March 21, 2000. <u>U.S. v. Rivera</u>, 99CR63 (AWT). Officer Basile was arrested on April 7, 1999, pled guilty on March 24, 2000, and was sentenced on August 10, 2000. <u>U.S. v. Basile</u>, 99CR64 (PCD). The indictment, prosecution and conviction of Hartford police officers who engaged in sexual misconduct is counter-evidence that in November 2000 there was a practice or custom of the City's explicit or tacit approval of sexual misconduct by police officers. See <u>Jones v. Ziegler</u>, 894 F. Supp. 880,

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

890 (D. Md. 1995), aff'd, Jones v. Wellham, 104 F.3d 620 (4th Cir. 1997). The ongoing public criminal prosecution of police officers certainly would not have emboldened Officer McCrorey to engage in criminal conduct without fear of discipline and/or prosecution.

Even before the allegations of civil rights abuses against prostitutes surfaced, the Police Department diligently investigated (and prosecuted) complaints of sexual misconduct by its police officers. See **Exh. P**, Dryfe Aff. It is therefore apparent that there is no practice or custom in the Police Department which was the moving force behind McCrorey's actions.

V.   **SECTION D.2. - Failure to Supervise, Discipline and Train, pp. 13-15**

The plaintiff argues that the City failed to supervise, discipline and/or train its police officers, including McCrorey. The only evidence offered by the plaintiff is McCrorey's deposition testimony and the fact that after his twelve-day suspension for falsifying a police report, he had two (2) subsequent disciplinary actions, but neither resulted in his termination. The plaintiff argues that had McCrorey been terminated, the subject incident would not have occurred. The plaintiff's argument is flawed in several respects. First, McCrorey did not testify that he believes his department incompetently supervised him. See **Exh. G** to Pl. Mem. of Law.

Second, it is somewhat absurd to suggest that police officers must be trained not to commit sexual assaults against the people they were sworn to protect and serve. It is well settled that a municipality will not be charged with the responsibility of training its employees for "rare or unforseen events." Walker v. City of New York, 974 F.2d 293, 297 (2d Cir. 1992). To prevail on a failure to train or supervise claim, the plaintiff must not only show that the City's policymakers know to a "moral certainty" that their employees will confront a given situation, but also that the situation presents the employee with a "difficult choice of the sort that training or

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

supervision will make less difficult or that there is a history of employees mishandling the situation." Id. If the situation requires only common sense, it cannot be said that it called for a "difficult choice." See id. Similarly, "[w]here the proper response - to follow one's oath, not to commit [a] crime, . . . and to avoid prosecuting the innocent - is obvious to all without training or supervision, then the failure to train or supervise is generally not 'so likely' to produce a wrong decision as to support an inference of deliberate indifference by city policymakers to the need to train or supervise." Id., at 299-300 (officers alleged to have committed perjury). Under the circumstances of this case, it cannot be reasonably argued that the City was deliberately indifferent in failing to train its officers not to sexually assault City residents, which would be obvious to all, especially police officers.

Third, the plaintiff's argument that the City should have terminated McCrorey following the two (2) disciplinary actions after the police radio incident is unavailing. The plaintiff offers no factual information as to either of the two incidents. The plaintiff is presumably arguing that any infraction by McCrorey after the 12-day suspension would be grounds for termination. In fact, the two (2) disciplinary actions identified by the plaintiff were of a completely different nature than the incident which resulted in McCrorey's twelve-day suspension. On or about September 22, 1999, McCrorey was issued a written reprimand for performing his duties in a negligent manner by failing to assist other officers in any apprehension of a suspect. **Exh. Q**. On May 3, 2000, McCrorey received an oral reprimand when he failed to qualify with his department-issued firearm. **Exh. R**. Given the dissimilarity between these incidents and the alleged sexual assault incident, it cannot be credibly argued that the City was deliberately

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

123, 126 (2d Cir. 2002). The plaintiff's failure to do so confirms the defendants' argument that they did not violate a clearly established constitutional right of the plaintiff.

VII.   **SECTION E - Governmental Immunity, p. 17**

The plaintiff argues that Hartford women were in imminent harm and therefore the identifiable person/imminent harm exception applies to the defendants' governmental immunity defense. The plaintiff's argument is without factual support. There is no evidence that the defendants were aware of Jane Doe, or that she was in imminent danger. The plaintiff does not claim that she complained to any of the defendants that McCrorey was harassing or threatening her or that she otherwise feared for her safety. In fact, there is no evidence to suggest that anyone in the Police Department was aware of McCrorey's relationship with the plaintiff, that he had been to her residence before, or that he previously telephoned her or appeared unannounced at her residence. It is therefore apparent that the plaintiff was not an identifiable victim in imminent harm.[3]

---

[3]   Moreover, the identifiable victim/imminent harm exception does not apply to claims of negligence against a municipality. At common law, municipalities were immune from liability unless the legislature enacted a statute abrogating its immunity. See Williams v. New Haven, 243 Conn. 763, 767 (1998). In this instance, the plaintiff fails to identify a statute abrogating the City's immunity. Moreover, it is "well-settled that [the identifiable victim/imminent harm] exception is only applicable to an action against an individual employee. Fortune v. City of New London, 27 Conn. L. Rptr. 637, 1999 WL 33227495 *7 (December 14, 1999); see also Knoob v. Town of North Branford, 27 Conn. L. Rptr. 486, 2000 WL 1022714 *3 (July 10, 2000).

- 10 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE DEFENDANTS:
CITY OF HARTFORD,
JOSEPH CROUGHWELL,
DEBORAH BARROWS AND
ROBERT RUDEWICZ

By_____
Brian P. Leaming
HALLORAN & SAGE LLP
Fed. Bar #ct16075
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

## CERTIFICATION

This is to certify that on this 21st day of November, 2003, I hereby mailed a copy of the foregoing to:

Wesley S. Spears, Esq.
53 Russ Street
Hartford, CT 06106

William J. Melley, III, Esq.
250 Hudson Street
Hartford, CT 06106

_____
Brian P. Leaming

487255.1(HS-FP)

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105