

1            UNITED STATES DISTRICT COURT

2              DISTRICT OF CONNECTICUT

3

4    JANE DOE,

5            PLAINTIFF

6    VS.

7    CITY OF HARTFORD, OFFICER DARYEL        CIVIL ACTION

8    MC CROREY, ACTING CHIEF OF POLICE       NO. 301CV278

9    ROBERT RUDIEWICZ, FORMER CHIEF          (DIS)

10   JOSEPH CROUGHWELL, DEPUTY CHIEF

11   JEFFREY FLAHERTY,                       JANUARY 21, 2002

12            DEFENDANTS

13

14         DEPOSITION OF JANE DOE

15   A P P E A R A N C E S

16            WESLEY S. SPEARS, ESQ.

17            53 RUSS STREET

18            HARTFORD, CONNECTICUT

19            ATTORNEY FOR THE PLAINTIFF

20

21            KENNY, BRIMMER, MELLEY & MAHONEY

22            WILLIAM J.MELLEY, III, ESQ.

23            FIVE GRAND STREET

24            HARTFORD, CONNECTICUT

1    complain to anybody at that time that this Officer McCrorey

2    who showed up was the same one that you had thrown out of

3    your house?

4        A    No.

5        Q    So other than the times -- withdrawn.

6             I want to be clear in terms of the times that you

7    have had interaction.  You say something and Officer

8    McCrorey says something to you, correct me if I am wrong.

9    Before November the only times that you had any interaction

10   was the funeral, the Tower Avenue stop and two times in

11   June; is that right?

12       A    Yes.

13       Q    That is the only time you see him?

14       A    Yes, that is it.

15       Q    And the other communication you had with him was

16   when he called and you hung up the phone on him?

17       A    Right.

18       Q    Now, in November -- first of all, how many times do

19   you recall seeing him in November?

20       A    Well, I know he knocked on my door like two days

21   before the incident.

22       Q    How do you know that?

23       A    Because I see the police car out there and he

24   knocked real loud.  I tell myself, I didn't call the

25   police, somebody is at my door.  I never opened my door.

1    Q   Well, when you heard that knocking, did you know it

2  was him?

3    A   I looked outside and seen the police car and then I

4  seen him even.

5    Q   So when you see the police car and you assumed it is

6  Officer McCrorey, you heard him knocking at the door, what

7  are you thinking he is doing there?

8    A   I don't know, because I didn't call the police.  I

9  see him when he is leaving.  I didn't have a beeper at the

10  time and I didn't know who was out there, but I can see

11  like through my window and he is going back to the car.

12  Then I see him.

13    Q   Why is he there in your mind?  What brings him back

14  to your house?

15    A   I don't know.

16    Q   You have no idea why he is there?

17    A   No, because I told him I don't like him.  I hung up

18  the phone on him all the time.  If you could get a copy of

19  my phone bill it will show every time the calls come in and

20  it is a hang up call.  I didn't speak to the person more

21  than a second to say don't call me and hang up.

22    Q   So from your perspective is there any reason why he

23  is coming to your house at all?

24    A   I don't know.  I didn't call the police.  Why should

25  he come?

A    Yes.

Q    What is the name?

A    I can't remember the name right now.

Q    Now, after the June of two thousand incident with Officer McCrorey, the next and only time that Officer McCrorey was in your residence was November; two thousand; is that correct?

A    Yes.

Q    I know you described in some detail for Attorney Melley about the actual incident itself, but I have some other questions and I don't mean to embarrass you.  If you need a break let me know.  When Officer McCrorey came into the residence on November 8, 2000, as I understood your testimony, you opened the door believing it was your friend; correct?

A    Yes.

Q    Officer McCrorey was in his police uniform at the time?

A    Yes.

Q    Do you recall if he was wearing any type of a jacket?

A    No, just a shirt.

Q    A long sleeve or short sleeve?

A    Short.

Q    Was he wearing any type of a hat?



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE II | : | CIVIL ACTION |
| | : | NO. 3:01CV1026 (AHN)(HBF) |
| V. | : | |
| CITY OF HARTFORD, ET AL | : | APRIL 30, 2002 |

### AFFIDAVIT OF NEIL DRYFE

The undersigned, having been duly sworn, deposes and says that:

1.    I am over the age of 18 years and understand and believe in the obligations of an oath.  I have personal knowledge of the facts set forth herein.

2.    I have been a sworn member of the Hartford Police Department since February 1990 and currently hold the rank of Lieutenant.

3.    Since April 2002, I have held the position of Commanding Officer of the Internal Affairs Division.  My responsibilities include the supervision of administrative and criminal investigations involving members of the Hartford Police Department.

4.    As the Commander of the Internal Affairs Division, I am responsible for receiving, evaluating, classifying and assigning complaints against employees of the Hartford Police Department, including sworn police officers.

5.    Investigations conducted by the Internal Affairs Division can lead to the issuance of discipline, including suspension and termination, and/or the arrest and prosecution of members of the Hartford Police Department.

05645.0598

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

6.    The Hartford Police Department maintains a Complaint Log in which all complaints against Hartford police officers are listed.  The Complaint Log identifies the IAD case number, a description of the allegation, the identity of the citizen complainant, and the final disposition of the investigation.

7.    At the request of Attorney Brian Leaming, I have identified and reviewed to the best of my ability the Internal Affairs investigations which involve allegations of sexual assault or misconduct by Hartford police officers between January 1993 through 1998.  In a few cases where I could not locate a file from archives I contacted the investigating officers that were identified in the Complaint Log.

8.    The Complaint Log identified fourteen (14) allegations of sexual assault or some type of sexual misconduct from January 1993 through December 1998.   Nine of incidents involved the officer's off-duty conduct.  Each allegation was investigated by either the Internal Affairs, Major Crimes, or Youth Services Divisions.  Only one of the complaints involved a police officer allegedly coercing a prostitute to engage in sexual activity under threat of arrest.  The complaint did not identify any of the defendants in this case.  The complaint was assigned to Internal Affairs to investigate.  The complainant, however, refused to cooperate with the investigation, and, in fact, refused to talk with the investigator.  The investigation was therefore closed without criminal or disciplinary action taken.  Of the remaining thirteen investigations, six resulted in the officer being arrested and charged with one or more criminal offense.  In one of the

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT  06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

remaining six investigations which did not result in an arrest, the complainant could not identify the perpetrator who she believed to be a police officer but was not in uniform. Two of the other complaints were investigated and closed as unfounded when the complainants' changed their testimony. Another investigation did not involve criminal conduct, but the officer was charged with Conduct Unbecoming an Officer for attempting to initiate a sexual relationship with a High School student. The officer resigned before any disciplinary action could be taken. One of the other investigations involved two off-duty police officers who engaged in consensual sexual activity in a public place. Both officers were disciplined for Conduct Unbecoming an Officer. Of the final two investigations, one was Not Sustained based on the evidence obtained, and the other was closed administratively when the alleged victim denied any sexual relationship with the officer.

Neil Dryfe

Sworn and subscribed to on this 30th day of April, 2003.

Commissioner of the Superior Court

418813.1(HS-FP)

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105



## REPORT OF COMMAND DISCIPLINE

DATE PREPARED:   9-22-99

EMPLOYEE DISCIPLINED:    Darvel McCrorey

### VIOLATIONS TO THE CODE OF CONDUCT

_____V_____5.14_____    _____    _____
ARTICLE   SECTION          ARTICLE    SECTION          ARTICLE          SECTION

ORAL REPRIMAND ISSUED: _____    WRITTEN REPRIMAND ISSUED:   X

BRIEF DESCRIPTION:    That on 2-16-99 at 1005 hours, you responded to 173

Albany Ave. and were negligent in the performance of your duty to assist Officers

Steinetz and Eisele in the apprehension of a suspect.  Therefore, I am issuing this

Written Reprimand.

**THIS CORRESPONDENCE WILL SERVE AS THAT REPRIMAND.**

**You should be cognizant of the fact that future similar occurrences could result in more serious disciplinary action.**

REPRIMAND ADMINISTERED BY: _____
                      DEBORAH BARROWS, ACTING CHIEF OF POLICE

**I HEREBY ACKNOWLEDGE THE RECEIPT OF A(N) ORAL/WRITTEN REPRIMAND.  I UNDERSTAND THAT I AM NOT WAVING MY RIGHT TO APPEAL THIS ACTION.**

_____  #3-32-01              _____op._____
EMPLOYEE'S SIGNATURE                        BUREAU-DIVISION

DATE OF ACTION: _____10-5-99_____

### ***RETURN TO ADVOCATE***



5-2
o/c

## REPORT OF DISCIPLINARY INFRACTION

COMPLETE IN DUPLICATE, WHEN REPORT REQUIRED BY HPD ORDER # 14-2 "DISCIPLINARY PROCEDURE." PAR. IV AND 2.

### SECTION I:

NAME OF EMPLOYEE: Darvel Mccrorey     RANK: P.O. BUREAU: O.P.S.

DISTRICT OR DIVISION: Patrol     DATE OF INFRACTION: 04/01/2000

TIME: 00:00     LOCATION: 50 Jennings Road

### SECTION II:     INFRACTION CHARGED:     VIOLATION OF HPD CODE OF CONDUCT

| ARTICLE | SECTION | TITLE OR DESCRIPTION OF OFFENSE |
|---------|---------|--------------------------------|
| 1. V. | 5.08 | Negligent failure to comply with a lawful written order. |
| 2. | | |
| 3. | | |

EXPLAIN INFRACTION (S) IN DETAIL  (LIST WITNESSES IF ANY):

The above listed employee failed to qualify with his/her issued firearm in the first quarter of the year 2000. Hartford Police Policy and Procedure 8-6 Firearms Training & Qualification, Department issued Handgun.

TO THE BEST OF YOUR KNOWLEDGE IS THIS A SECOND OR SUBSEQUENT OFFENSE AS TO ANY OF THE CODE SECTIONS CITED: (IF SO,  SPECIFY):     Not in this division.

IMMEDIATE CORRECTIVE ACTION TAKEN IF ANY ( IF ANY OF THE INFRACTIONS CALL FOR AN ORAL REPRIMAND AND THE REPRIMAND HAS BEEN ISSUED, SO STATE AND ATTACH A COPY).

DATE: 04/06/2000     SUBMITTED BY: Sergeant S. Sansom

HPD FORM #90



1

```
 1                UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF CONNECTICUT
 2

 3    ---------------------------------x

 4    JANE DOE I,                         Civil Action No.
                      Plaintiff,
 5    vs.                                 3:01 CV278 (DJS)

 6    CITY OF HARTFORD, OFFICER DARYEL    August 26, 2002
      McCROREY, ACTING CHIEF OF POLICE
 7    ROBERT RUDIEWICZ, FORMER CHIEF
      JOSEPH CROUGHWELL and DEPUTY CHIEF
 8    JEFFREY FLAHERTY,
                      Defendants.
 9
      ---------------------------------x
10

11               DEPOSITION OF RICHARD CALDERONE

12    A p p e a r a n c e s:

13         For the Plaintiff:

14             LAW OFFICES OF WESLEY S. SPEARS & ASSOCIATES
               53 Russ Street
15             Hartford, Connecticut  06106
                  By: WESLEY S. SPEARS, ESQUIRE
16
           For the Defendant Daryel McCrorey:
17
               KENNY, BRIMMER, MELLEY & MAHONEY
18             Five Grand Street
               Hartford, Connecticut  06106
19                By: WILLIAM J. MELLEY III, ESQUIRE

20         For the Defendant City of Hartford:

21             HALLORAN & SAGE, LLP
               One Goodwin Square
22             225 Asylum Street
               Hartford, Connecticut 06103-4303
23                By: BRIAN P. LEAMING, ESQUIRE

24                PATRICIA L. MASI, RDR
                    LSR No. 00012
25                 95 Washington Street
                 Hartford, Connecticut  06106
                     (860) 548-2728
```

08-Aug-03 11:57A

2

1          ... The following is the deposition of RICHARD

2     CALDERONE in the above-entitled matter, wherein Jane Doe I

3     is the plaintiff and City of Hartford, Officer Daryel

4     McCrorey, Acting Chief of Police Robert Rudiewicz, Former

5     Chief Joseph Croughwell and Deputy Chief Jeffrey Flaherty

6     are the defendants, pending in the United States District

7     Court for the District of Connecticut, pursuant to notice

8     and the Federal Rules of Civil Procedure, before Patricia L.

9     Masi, a Notary Public within and for the State of

10    Connecticut, on Monday, August 26, 2002, at the Law Offices

11    of Wesley S. Spears & Associates, 53 Russ Street, Hartford,

12    Connecticut  06106, at 3:10 o'clock p.m., at which time

13    counsel appeared as hereinbefore set forth ...

14

15

16                        STIPULATIONS

17          All objections, except as to form, are reserved

18    for the trial.

19          Formalities as to proof of the authority of the

20    Notary Public and sufficiency of notice are waived.

21          The reading and signing of the deposition are

22    waived.

23

24

25

1    received is?

2       A    Yes. There was a photocopy from the FBI. Once

3   our investigation was completed, the FBI sent me a 302.

4       Q    And do you know where it is?

5       A    It should be in the archives.

6       Q    Again, I would ask you to produce that. And do

7   you know if there was ever an investigation conducted by the

8   Hartford police department concerning that 302 report?

9       A    No.

10      Q    Okay. Do you know -- you don't know whether there

11   was one or there wasn't one?

12      A    There was not one.

13      Q    And do you know why there wasn't one?

14      A    It was after the fact. The accusations were -- I

15   cannot give you the exact date. I don't have that with me.

16   But it was several years prior. The FBI holds their 302s.

17   They don't give that information to us. That was under a

18   grand jury, so we didn't have access to that. And once we

19   received it, it was already far beyond and it was after this

20   investigation.

21      Q    Okay. So, in other words, you waited to see what

22   happened to him as a result of this case and you felt it

23   unnecessary -- the department felt it unnecessary to

24   investigate the incident because it was old?

25      A    No, sir. That's not correct.

1     Q   Okay.

2     A   The accurate part of that was it was a

3 preliminary -- once we received it, once I received from the

4 FBI, it was a preliminary investigation, and come to find

5 out, he wasn't even employed as a police officer at the time

6 this incident, this alleged incident, occurred.  So it was a

7 little difficult to go forward with, one, a witness who was

8 no longer here; two, that he was not even employed as a

9 police officer here; and, three, that the FBI had held this

10 information for I don't know how long and they wouldn't

11 provide any more details other than just a 302.

12     Q   Okay.  Now, can you give me from memory or from

13 reviewing any document that's before you the best

14 recollection of the disciplines that Mr. McCrorey has

15 received at the department and what they were for?

16     A   I don't -- I don't have that entire package with

17 me.  No, sir, I don't have that.  I could easily get that as

18 part of the records of the department advocate.  I don't

19 have that with me right now.

20     Q   But you can obtain those records?

21     A   Sure.

22     Q   Okay.  Now, there were certain tests done on

23 certain items as part of this investigation, and what I'm

24 referring to is I believe you or someone with you took

25 samples from a piece of carpet from the victim's home.

08-Aug-03  11:37A

36

```
1                         CERTIFICATE
2    STATE OF CONNECTICUT    )
                             )ss.
3    COUNTY OF HARTFORD      )
4
5         I, Patricia L. Masi, a Notary Public within and for
6    the state of Connecticut, do hereby certify that I took the
7    deposition of RICHARD CALDERONE at the request of the
8    Plaintiff in the above-entitled action, on August 26, 2002,
9    at the offices of Law Offices of Wesley S. Spears &
10   Associates, 53 Russ Street, Hartford, Connecticut  06106, at
11   3:10 o'clock P.M.
12        I further certify that said witness was by me duly
13   sworn to testify to the truth, the whole truth, and nothing
14   but the truth, and that the foregoing testimony was taken by
15   me stenographically and thereafter transcribed by means of
16   computer-assisted transcription.
17        I further certify that I am not related to any of
18   the parties hereto, or their counsel, and I am in no way
19   interested in the outcome of said cause.
20        Dated at Hartford, Connecticut, this 30th day of
21   August 2002.
22
23                        _____
                               Notary Public
24                        Licensed Shorthand Reporter
                                 No. 00012
25   My commission expires:
     September 30, 2004
```

08-Aug-03 11:37A