UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANE DOE,                          :
    Plaintiff,                  :
                                :
V.                                 :     No. 3:01CV278 (DJS)
                                :
CITY OF HARTFORD, ET AL.,          :
    Defendants.                 :

## MEMORANDUM OF DECISION

Plaintiff Jane Doe brings the present action against defendants City of Hartford, Joseph Croughwell, Deborah Barrows, Robert Rudewicz and Daryel McCrorey. All defendants except McCrorey have moved the court to strike portions of two affidavits submitted by plaintiff in support of her response to the pending motion for summary judgment. The motion to strike **[doc. #72]** is **GRANTED in part**.

## DISCUSSION

Federal Rule of Civil Procedure 56(e) governs the submission of affidavits in support of, or opposition to, a motion for summary judgment. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). See also Union Ins. Soc'y of Canton, Ltd., v. William Gluckin & Co., Inc., 353 F.2d 946, 952 (2d Cir. 1965)(holding "conclusory statements and statements not made on personal knowledge do not comply with the requirements of Fed. R. Civ. P. 56(e) and, therefore, may not be considered").

A motion to strike is appropriate if documents submitted in support of a motion for summary judgment are not made on the basis of personal knowledge or contain inadmissible hearsay or conclusory statements." Pokorne v. Gary, 281 F. Supp. 2d 416, 418 (D. Conn. 2003); Spector v. Experian Info. Sys., No. 3:01-CV-1955, 2004 WL 1242978, at *4 (D. Conn. June 2, 2004). However, the entire affidavit need not be stricken, United States v. Alessi, 599 F.2d 513, 514-515 (2d Cir. 1979), even if a party moves to strike parts of an affidavit that do not comply with the requirements of Fed. R. Civ. P. 56(e).  Jewell-Rung Agency, Inc. v. Haddad Org., Ltd., 814 F.Supp 337, 339.  (S.D.N.Y. 1993).

**A. The Affidavit of Jane Doe II**

Defendant contends that paragraphs Nos. 10, 24, 26, 46, 47, 49, 50 and 51 of the affidavit of Jane Doe II are either inadmissible hearsay or assertions not based on personal knowledge and should be stricken accordingly.

Defendants contend that paragraphs Nos. 10, 46, 47 and 49 of Jane Doe II's affidavit are inadmissible hearsay. "Hearsay is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid.  801(c).  "Hearsay testimony that would be inadmissible if testified to at trial may not properly be set forth in a Rule 56 affidavit accompanying a summary judgment motion." Spector, 2004 WL 124978, at *5.

Paragraph No. 10 reads: "In subsequent conversations, many other prostitutes indicated to me that they had been forced to engage in sex, under threat of arrest." This is clearly hearsay. Jane Doe II is submitting as evidence statements made by out of court declarants to prove the

truth of the assertion that other prostitutes have been sexually assaulted by the police. This paragraph is stricken.

Paragraph No. 46 reads: "During the course of the Federal Investigation, I was transported to and from the Niantic Womens Prison, with other women who claimed to have been raped by Hartford Police Officers." This is not hearsay. The statement as a whole clearly is intended only to buttress Jane Doe II's assertion that she traveled with other women claiming experiences similar to her own. The testimony is not offered to prove that the other women were raped, but instead merely to show that she was not the only woman transported from Niantic Prison to have made such claims. The statement of an out-of-court declarant may be introduced into evidence as proof that the statement was, in fact, made and that is all Jane Doe II seeks to do in paragraph No. 46. The statement is not stricken.

Paragraph No. 47 reads: "Many of the women I knew only by street names and not their given names." There is no out-of-court declarant represented in this statement. Jane Doe II is speaking to the condition of her own knowledge regarding the women in question. There is no hearsay and the paragraph is not stricken.

Paragraph No. 49 reads: "In subsequent conversations, many of these prostitutes confided in me that they had also been sexually assaulted, under threat of arrest." This is clearly hearsay. Jane Doe II is attempting to prove that other prostitutes have actually been assaulted through the use of out-of-court statements. The paragraph is stricken.

Defendants also move to strike paragraphs Nos. 24, 26, 50 and 51 as not properly based on personal knowledge. "Generally, affiants have personal knowledge to testify about their experiences." Larouche v. Webster, 175 F.R.D. 452, 454 (S.D.N.Y. 1996). Hearsay and

secondhand information do not constitute personal knowledge. Isaacs v. Mid Am. Body & Equip. Co., 720 F. Supp. 255, 256 (D. Conn. 1989).

Paragraph No. 24 reads: "Apparently, Stacy Richards advised them that I had been sexually assaulted by Hartford police officers." This statement is secondhand information and also hearsay. Jane Doe II references an unknown out-of-court speaker for purposes of proving that Stacy Richards reported facts to the Hartford Police. This statement is not based on personal knowledge and is stricken.

Paragraph No. 26 reads: "I also became aware that another woman Yolando Santiago had also been assaulted by Officer Julio Camacho." Again, Jane Doe II is testifying to something that she was clearly told by someone else and not to facts or evidence that she witnessed herself or heard at trial. The paragraph is stricken.

Paragraph No. 50 reads: "Some of these same prostitutes had been transported to be interviewed with me as part of the same investigation." Jane Doe II does not establish any foundation for this knowledge other than presumed speculation and secondhand statements. The testimony is not based on personal knowledge and is stricken.

Paragraph No. 51 reads: "I saw between ten to fifteen other prostitutes who were interviewed on the same day as my interview regarding allegations of sexual assaults against prostitutes by Hartford police officers." This statement is based on personal knowledge. The affiant states that she saw a fixed number of prostitutes who were also interviewed on the day she was interviewed. Nothing in this statement is offered regarding the content of those other interviews or the testimony of the other prostitutes. The adjectival clause "regarding allegations of sexual assaults against..." attaches, in the court's reading, to the object "my interview." Should it be the case that Jane Doe II intended to testify as to the statements made by other

prostitutes during their interviews, the testimony would obviously not be based on personal knowledge and would be disregarded. A witness may always testify to her own observations, and the court considers this a statement of personal knowledge. The paragraph is not stricken.

**B.  Affidavit of Yolanda Santiago**

Defendants move to strike paragraph No. 10 of the affidavit of Yolanda Santiago as either hearsay or not based on personal knowledge. The paragraph reads: "My cousin Judy Cruz was also sexually assaulted by a Hartford Police officer around the same time as the assault on me." This statement is made without any foundation for the asserted knowledge that might make it admissible. Absent some foundation, the testimony lacks a basis in personal knowledge and is stricken.

## CONCLUSION

The court finds that paragraphs No. 10, 49, 24, 26 and 50 of Jane Doe II's affidavit arte stricken. Paragraph No. 10 of Yolanda Santiago's affidavit is also stricken. Defendants' motion to strike **[doc. #72]** is **GRANTED in part**.

**IT IS SO ORDERED** at Hartford, Connecticut, this 13th day of October, 2004.

/s/DJS

**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**